NO. 07-10-0361-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL E

 MAY 13, 2011

 ______________________________

 COVENANT HEALTH SYSTEM, D/B/A COVENANT
 MEDICAL CENTER, AND D/B/A COVENANT HEART &
 VASCULAR INSTITUTE AND D/B/A COVENANT HEART
 INSTITUTE AND D/B/A COVENANT WELL HEART
 SERVICES, APPELLANT

 V.

 LINDA BARNETT AND ROBERT BARNETT, APPELLEES

 _________________________________

 FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2010-550,709; HONORABLE RUBEN GONZALES REYES, JUDGE

 _______________________________

Before CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]

 CONCURRING AND DISSENTING OPINION

 I agree with the majority in its conclusion that Appellees' claims
are health care liability claims and that the trial court erred in denying
Appellant's motion to dismiss under Chapter 74 of the Texas Civil Practice
and Remedies Code. I respectfully disagree, however, with the decision to
remand this matter back to the trial court for the purpose of determining
Appellant's request for an award of attorney's fees.

 Waiver of Attorney's Fees

 By its prayer, contained within both its original and reply briefs,
Appellant requests this Court to remand this cause to the trial court for a
determination of attorney's fees to be awarded pursuant to section
74.351(b)(1) of the Texas Civil Practice and Remedies Code. Other than
contending that the penalties contained in that section are "mandatory,"
neither of Appellant's two briefs contain any discussion whatsoever as to
why a remand is necessary or appropriate. Rule 38.1(h) of the Texas Rules
of Appellate Procedure requires that the body of Appellant's brief contain
a succinct, clear, and accurate statement of the arguments made in support
of any relief requested. Failure to advance an argument, cite authority,
make record references or otherwise brief an issue effects a waiver of that
issue on appeal. Assisted Living Concepts, Inc. v. Stark, No. 07-10-0228-
CV, 2010 Tex. App. LEXIS 9326, at *11 (Tex.App.--Amarillo Nov. 23, 2010, no
pet.) (reversing the trial court for failure to grant a Chapter 74 motion
to dismiss and then denying a request to remand on the issue of attorney's
fees where the appellant failed to brief the issue); Sunnyside Feedyard v.
Metro. Life Ins. Co., 106 S.W.3d 169, 173 (Tex.App.--Amarillo 2003, no
pet.). Accordingly, I would find that Appellant waived the issue.
 No Evidence of Attorney's Fees
 Even if the issue was not waived, a review of the record in this case
reveals that Appellant offered no evidence of attorney's fees, reasonable,
incurred or otherwise. The courts of this State have consistently held
that an award of attorney's fees must be supported by competent evidence,
Torrington Co. & Ingersoll-Rand Corp. v. Stutzman, 46 S.W.3d 829, 852 (Tex.
2000), and an award of attorney's fees without sufficient supporting
evidence is an abuse of discretion. Sharp v. Broadway Nat'l Bank, 784
S.W.2d 669, 672 (Tex. 1990).

 Furthermore, due to this complete absence of evidence of a vital
fact, any award of attorney's fees would be subject to reversal on a
subsequent appeal. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex.
2003), cert. denied, 541 U.S. 1030, 124 S.Ct. 2097, 15 L.Ed.2d 711 (2004).
Because this Court is required to render the judgment that the trial court
should have rendered, as to the issue of attorney's fees, I would render a
take-nothing judgment. See Tex. R. App. P. 43.2(c).

 No Right to Relitigate

 To overcome the complete lack of evidence, as I read the majority,
Appellant has the right to return to the trial court for the "limited
purpose" of affording them a second chance to offer evidence of attorney's
fees. In doing so, the majority ignores the precedent of this Court. See
Assisted Living Concepts, Inc., 2010 Tex. App. LEXIS 9326. The majority
finds support for this unconventional procedure in three cases, each of
which is either distinguishable from the facts of this case or founded upon
an invalid syllogism.

 In Gingrich v. Scarborough, No. 09-09-0211-CV, 2010 Tex. App. LEXIS
3139 (Tex.App.--Beaumont Apr. 29, 2010, no pet.) (mem. op.), the appellate
court cites section 74.351(b) of the Texas Civil Practice and Remedies Code
as the basis for remanding the question of attorney's fees to the trial
court for an award of attorney's fees when, in reality, that particular
section says nothing about remands. To the contrary, section 74.351(b)
specifically speaks to the judgment a trial court should enter at the
conclusion of an original hearing on a motion to dismiss.

 Likewise, the second case relied upon by the majority, Thoyakulathu
v. Brennan, 192 S.W.3d 849 (Tex.App.--Texarkana 2006, no pet.), is equally
non-precedential because, from a reading of that opinion, you are unable to
determine whether the appellant offered evidence of attorney's fees in
conjunction with their motion to dismiss. Finally, the majority cites
Garcia v. Gomez, 319 S.W.3d 638 (Tex. 2010), which is factually
distinguishable from this case. In Garcia, unlike the case at bar, the
appellant did offer evidence of reasonable attorney's fees. When the trial
court granted the motion to dismiss but failed to award attorney's fees,
the health care provider appealed. The court of appeals affirmed,
concluding that the trial court had not abused its discretion in failing to
award attorney's fees because the record contained no evidence of the
reasonable fees incurred by the appellant in defense of the claim.
"Because there [was] some evidence in [that] case that attorney's fees were
both incurred and reasonable," the Supreme Court remanded the case to the
trial court so that it could exercise its discretion in determining the
appropriate award. Id. at 643. While the dissent in Garcia may
characterize that opinion as giving the appellant "a second chance to
satisfy his burden of proof," the majority opinion never specifically
authorizes the trial court to allow the presentation of new evidence on the
issue. Id.

 Where, as here, no evidence of attorney's fees was offered in
conjunction with the section 74.351(b) motion to dismiss, to remand for
further proceedings gives Appellant a "second bite at the apple." Because
further proceedings are not necessary for the rendition of the judgment the
trial court should have rendered, I would follow the traditional
jurisprudence of this State and the precedent of this Court, and would
reverse and render rather than reverse and remand.

 Patrick A. Pirtle
 Justice
-----------------------
[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov(t Code Ann. ( 75.002(a)(1) (West 2005).